FRANK HILL, WHO SUES TO THE USE OF MARY A. FERRIS, DEFENDANT IN ERROR, v. ADAMS EXPRESS COMPANY, PLAINTIFF IN ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

1. Where a common carrier undertakes to transport merchandise, the presumption is that he does it subject to the common law liability, and this presumption remains until it is overcome by proof of a special agreement.
2. The burden of showing an agreement limiting the common law liability of a carrier rests upon the carrier.
3. The mere acceptance by a shipper, without objection, of a receipt or bill of lading tendered by the common carrier that contains a stipulation importing a limitation of the carrier's responsibility, based upon an assumed valuation of the goods that does not correspond with their real value, is not conclusive evidence of the shipper's assent to such limitation.
4. Where the shipper accepted in silence from an express company a shipping receipt containing an express limitation of the company's liability to $50, and it appeared that the shipper did not assent to such a limitation and did not know that the receipt contained such a limitation—*Held*, that the trial judge, sitting as a jury, was justified in concluding as matter of fact that the limitation to $50 was not a part of the contract between the parties.

---

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 604.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendant in error, *Joseph Beck Tyler.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR.   The Supreme Court on *certiorari* affirmed a judgment rendered by the District Court in favor of the plaintiff, a shipper of goods, and against the defendant express company, for the value of certain merchandise shipped, which was lost by fire without the fault of the express company, the trial court having overruled defendant's contention that its liability was limited by certain stipulations contained in the express receipt or bill of lading, delivered by the company to the agent of the shipper at the time it accepted the goods, which stipulations were as follows:

"The company's charge is based upon the value of the property, which must be declared by the shipper.   *   *   *   In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

The case was tried in the District Court without a jury, and the court's findings of fact are fully set forth in the opinion delivered by Mr. Justice Parker in the Supreme Court. These findings are fairly sustained by the evidence, and are therefore conclusive upon this review.

At the trial defendant's counsel requested the court (among other things) to specifically find that the limitation of liability to $50 was taken by defendant's employe from an invoice handed to him by the shipper or his agent.   The court refused this request, and, on the contrary, found "that neither Frank Hill nor Mary Ferris, nor any other person by their authority and with their knowledge, furnished an invoice to the defendant company; nor did they authorize anyone else to do so, nor did they have any knowledge that anyone else had done so at the time the shipment was made."   This finding fairly deals with the defendant's request by negativing it

specifically, and we agree with the contention of counsel for the defendant in error that the evidence would support the inference that the supposed invoice, if such there was, had been prepared by the employes of the express company, and not by the shipper or his agent.

There was, however, undisputed evidence that Barnett, the driver of the wagon upon which the goods in question were conveyed to the express company for shipment, and who acted as agent of the plaintiff in respect of the shipment, accepted in silence from the agent of the express company a shipping receipt containing, as already mentioned, an express limitation of the company's liability to $50.

In view of this evidence, defendant's counsel further requested the trial judge to limit the recovery accordingly. The refusal of this request raises the question that has several times been mooted in this court, but upon which it has not until now been necessary for us to pass, viz., whether the mere acceptance by the shipper, without objection, of a receipt or bill of lading tendered by the carrier, that contains a stipulation importing a limitation of the carrier's responsibility, based upon an assumed or conventional valuation of the goods that does not agree with their real value, conclusively imports the assent of the shipper to such limitation of responsibility.

It should be mentioned that as we·read the state of the case, the trial judge in effect found as a fact that Barnett, the driver, had authority from the plaintiff to agree with the defendant respecting the terms of shipment, and rested his judgment in favor of the plaintiff upon the fact that neither Barnett nor his employer assented to the limitation of defendant's responsibility to $50. Therefore, the question of law respecting the driver's agency, upon which the Supreme Court on one occasion rested its decision in this case (*Hill* v. *Adams Express Co.,* 48 *Vroom* 19), is not presented as the record now stands.

When the case came to this court upon review of the decision just referred to, we disposed of it on the ground that since in receiving the box the defendant company dealt with

Hill as the shipper, and since there was nothing to show that he or Barnett, the driver, was ignorant of the fact that the bill of lading contained provisions limiting the defendant's liability to $50, it was to be presumed that they were informed of its contents and assented to the limitation. *Hill* v. *Adams Express Co.,* 49 *Vroom* 333. The presumption referred to was, of course, a presumption of fact, rebuttable like other presumptions of that nature.

Upon the trial now under review this presumption has been successfully rebutted; and in line with our former decision, we hold that since there was no assent by the plaintiff Hill, or by Barnett through whom he acted, to the limitation of the value of the goods, nor knowledge that the express company's receipt contained a contract limiting the liability of the company, the limitation is not binding upon the plaintiff.

It is unnecessary for us at this time to review the authorities in other jurisdictions. They are fully cited in the cyclopedias. 5 *Am. & Eng. Encycl. L.* (*2d ed.*) 288, 294; 6 *Cyc.* 404, 406. So far as they declare or decide that a shipper who accepts a receipt or bill of lading is conclusively presumed, in the absence of fraud, to have thereby assented to all the terms of the instrument, although he may have been unaware that the document contained any limitation of the carrier's common law liability, and did not in fact assent thereto, we are not in accord with them. We give, as we think, all legitimate weight to the inference that arises out of the shipper's conduct, when he accepts in silence and without objection a paper tendered by the carrier, by holding, as we do, that acceptance of the paper without objection raises a presumption that the shipper knew of and assented to the stipulations contained in it; a presumption which, like other presumptions of fact, is subject to be rebutted.

In transactions of this sort, as in other matters, the assent of both parties is required in order to make a contract. More than fifty years ago our Supreme Court declared that "where a common carrier undertakes to transport an article in his line of business, the legal presumption is that he does it sub-

ject to the common law liability, and this presumption re-
mains until it is overcome by positive proof of a special agree-
ment." *New Jersey Railroad Co.* ads. *Pennsylvania Railroad
Co., 3 Dutcher* 100. For authority the court relied upon a de-
cision of the Supreme Court of the United States—*New Jersey
Steam Navigation Co.* v. *Merchants Bank,* 6 *How.* 377, 383.
The doctrine thus announced entered into the reasoning of
this court in *Russell* v. *Erie Railroad Co., 41 Vroom* 808, 811;
and Judge Vroom, in delivering the opinion of the court, de-
clared: "The burden of proof of showing such a limitation of
liability is on the defendant company, and being in deroga-
tion of common right is to be construed most strongly against
the carrier. 5 *Am. & Eng. Encycl. L.* (*2d ed.*) 336; *Ash-
more* v. *Pennsylvania Railroad Co.,* 4 *Dutcher* 190; *Cooper*
v. *Wells Fargo & Co.,* 27 *Cal.* 11. No presumption will be
indulged in favor of exemptions from common law liability."

The doctrine referred to was the ground of the decision
rendered by the Supreme Court in *Hayes* v. *Adams Express
Co.,* 44 *Vroom* 105 (where the case in 3 *Dutcher* was cited),
and the doctrine was not at all disapproved by this court on
review. 45 *Vroom* 537. On the contrary, our decision there
proceeded on the ground that the shipper's knowledge of a
customary practice on the part of the carrier to base its charges
upon the declared value of the merchandise did not of itself
alone import the shipper's assent to a limitation of liability in
the particular case.

In *Atkinson* v. *New York Transfer Co.,* 47 *Vroom* 608, we
held that if the shipper knew that the rate charged for the
transportation of a trunk was based upon a valuation of $100,
and that the receipt tendered to her contained a stipulation
limiting the carrier's liability to the amount thus stated, the
acceptance of the receipt in silence estopped the shipper from
afterwards asserting the value to be greater. Our decision
was based upon the actual knowledge and assent of the
shipper.

Finally, in our former disposition of the present case (49
*Vroom* 333), we relied upon clear and at that time uncontra-

dicted evidence of assent by the shipper to a modification of the common law liability proposed by the carrier.

It would be inconsistent with this long line of decisions, and also, as we think, inconsistent with the reason of the matter, to hold that the mere receipt by the shipper of a paper containing limitations of the common law liability of the carrier conclusively imports the shipper's assent to such limitations. We hold, on the contrary, that the facts found by the trial judge that neither Hill nor the driver in fact assented to the limitation of liability to $50, nor knew that the express receipt or bill of lading tendered by the company contained such a limitation, warranted his conclusion that the limitation was not a part of the contract between the parties.

The decisions of the Supreme Court in *Saunders* v. *Adams Express Co.*, 47 *Vroom* 228, and in *Florman* v. *Dodd & Childs Express Co.*, 50 *Id.* 63, so far (if at all) as they may be inconsistent with the result we have reached in the present case, must be considered as overruled.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 11.

*For reversal*—None.