JUNE TERM, 1913.    285

56 Vroom.    Stickel v. United States Express Co.

EMMA STICKEL, APPELLANT, v. UNITED STATES EXPRESS
COMPANY, APPELLEE.

Argued March 13, 1913—Decided June 18, 1913.

Plaintiff, on leaving a hotel, told the proprietor that the defendant's
    agent would call for her trunk, and asked him to deliver it to
    the agent and get a receipt. Plaintiff stopped at the express
    office and arranged with the agent to call for the trunk and to
    transport it to her home. The driver called for and received the
    trunk and gave a receipt containing a limited liability clause.
    *Held,* that the hotel proprietor had no authority from plaintiff
    to assent to such limited liability clause, but that his authority
    was restricted to delivering the trunk and obtaining a receipt
    therefor.

On appeal from the Supreme Court.

For the appellant, *Merritt Lane.*

For the appellee, *McDermott & Enright.*

The opinion of the court was delivered by

PARKER, J. This was an action in the District Court to
recover the value of plaintiff's trunk and contents, intrusted
to defendant for carriage from Highlands, New Jersey, to Jer-
sey City, and consequently an intrastate shipment. The fun-
damental question for decision is whether plaintiff is bound by
the limited liability clause printed on the margin of the
express receipt. The trial court held that under the circum-
stances of the case she was not; the Supreme Court held the
contrary and reversed the judgment of the District Court.
The appeal is from that reversal.

Plaintiff had been boarding at the hotel of one Spitznagel
at Highlands, and according to her testimony went to the
express office at the railroad station, gave the agent her name
and address, and told him to call for her trunk at Spitznagel's
and deliver it to her home. Nothing else then took place ex-
cept presumably the assent of the agent. She left the trunk

in her room, and was on her way home when she saw the agent. She further testified that she had told Spitznagel to let the expressman have the trunk, and "to get a receipt for it." Spitznagel's testimony indicates that this instruction reached him through his wife, but the point is immaterial. He delivered the trunk to the expressman when the latter called, and according to his testimony Mrs. Spitznagel called out: "Don't forget to get a receipt!" His testimony proceeded thus:

"I said 'All right,' so I asked the expressman to give me a receipt. He said: 'I haven't got no blank with me; it is out in the wagon,' and with that he turns around, picks up the trunk and puts it in the wagon. I went out to the wagon and waited while he wrote out this receipt on top of the trunk.

"Q. Was that all that was said? A. That was all.

"Q. Did you read the receipt?

"(Objected to. Objection sustained.)"

On this state of facts, which was undisputed, the Supreme Court held, or assumed, that Spitznagel was plaintiff's agent to ship the trunk, and under the rule declared in *Russell* v. *Erie Railroad Co.*, 41 *Vroom* 808, his authority not being limited, extended to the making of a limited liability contract; that he received the receipt in silence and plaintiff as his principal was therefore bound by its terms. *Atkinson* v. *New York Transfer Co.*, 47 *Vroom* 608; *Hill* v. *Adams Express Co.*, 53 *Id.* 373.

We consider that the Supreme Court erred. Spitznagel, as the trial court intimated, was not the agent of plaintiff for the purpose of shipping the trunk. The order for shipment, as the trial court was entitled to find, had been given by plaintiff, and the shipment was complete except the actual delivery of the trunk to the carrier. Plaintiff had instructed defendant to call and get the trunk, and transport it to Jersey City, imposing and assenting to no restrictions, but leaving it to the company to charge a reasonable rate based on its general liability as a common carrier, where no special contract has been made, and it was the natural inference that the company undertook to carry the trunk on that basis. The

rights and liabilities thus arising, Spitznagel had no author-ity to alter or vary. His authority was to deliver the trunk, and to "get a receipt for it," not to make a special contract for its transportation. The word "receipt," as in common use, means no more than a bare acknowledgment of having received something. *Erie Railroad* v. *Wanaque Lumber Co.,* 46 *Vroom* 878. So, if it had appeared that Spitznagel ex-pressly assented to the limited liability clause, the plaintiff was not bound by such assent, for it was beyond the scope of his agency. He had not even an apparent agency to ship, for the shipment had already been made by his principal. The case of Russell *v.* Erie Railroad Co. therefore becomes authority for sustaining the plaintiff's claim for the value of the trunk and contents irrespective of a limited liability clause.

The judgment of the Supreme Court will be reversed and that of the District Court affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, JJ.   2.

*For reversal*—THE CHANCELLOR, GARRISON, PARKER, BER-GEN, MINTURN, VREDENBURGH, CONGDON, WHITE, JJ.   8.